UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ RAMIREZ, individually and as heir and successor-in-interest to MARIA VEGA, deceased,<br><br>Plaintiff,<br><br>v.<br><br>WINDSOR CARE CENTER NATIONAL CITY, INC. d/b/a/ WINDSOR GARDENS CONVALESCENT CENTER OF SAN DIEGO; DOES 1 to 50, and DOES 51 to 60 inclusive,<br><br>Defendants. | Case No.: 21-cv-01051-AJB-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR REMAND; and**<br><br>**(2) DENYING AS MOOT DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**(Doc. Nos. 6, 15.)** |

Before the Court are two motions: a motion to remand filed by Plaintiff Luz Ramirez ("Plaintiff") (Doc. No. 15)[1]; and a motion for judgment on the pleadings filed by Defendant Windsor Care Center National City, Inc. ("Defendant") (Doc. No. 6). Defendant filed an opposition to Plaintiff's motion to remand, to which Plaintiff replied. (Doc. Nos. 9. 11.) Plaintiff filed an opposition to Defendant's motion for judgment on the pleadings, to which

---

[1] Plaintiff's originally filed motion to remand was withdrawn and replaced with an amended motion to remand to account for a clerical error in the original filing. (*See* Doc. Nos. 10, 14, 15.)

1

21-cv-01051-AJB-WVG

Defendant did not reply. (Doc. No. 12.) For the reasons set forth herein, the Court **GRANTS** Plaintiff's motion to remand, **DENIES AS MOOT** Defendant's motion for judgment on the pleadings, and **REMANDS** this action to the Superior Court of the State of California, County of San Diego.

### I. BACKGROUND

Plaintiff filed this case in San Diego County Superior Court. (Doc. No. 1-3, Complaint.) Plaintiff is the daughter of the decedent, Luz Ramirez ("Decedent"), and brings this action individually and as her successor-in-interest. (*Id.* ¶ 8.) Decedent was a 76-year-old resident of a skilled nursing facility operated and managed by Defendant. (*Id.* ¶ 1.) Plaintiff asserts that in September 2019, the Department of Health and Human Services for Medicare & Medicaid cited Defendant for "failing to maintain an infection prevention and control program designed to provide a safe, sanitary, and comfortable environment and to help prevent the development and transmission of communicable diseases and infections." (*Id.* ¶ 3.) In late April 2020, Decedent contracted coronavirus ("COVID-19") and passed away shortly after being hospitalized in early May. (*Id.* ¶¶ 26–36.) "Her cause of death is listed as Acute Hypoxic Respiratory Failure, Pneumonia, and COVID-19." (*Id.* ¶ 36.)

COVID-19 is a respiratory disease. According to Plaintiff, Defendant had knowledge that Decedent suffered from a disease that made her more susceptible to respiratory tract ailments such as COVID-19. (*Id.* ¶ 21.) Decedent was entirely dependent on Defendant for activities of daily living and to protect her from health and safety hazards. (*Id.* ¶¶ 37–38.) Plaintiff alleges that Defendant "failed to implement effective infection control policies throughout their facility as evidenced by their citation by federal inspectors" in September 2019. (*Id.* ¶ 39.) Plaintiff claims that Defendant's "failure to create, implement, maintain, or train their staff in the proper infection control mechanisms necessary to avoid the transmission of disease" caused Decedent's death. (*Id.* ¶ 41.)

The Complaint contains three state causes of action against Defendant. (Doc. No. 1-3 at 1.)[2] Plaintiff alleges violations of the Elder Abuse and Dependent Adult Civil Protection Act, California Welfare & Institutions Code § 15600 et seq. ("Elder Protection Act"), Negligence, and Wrongful Death. (*Id.* at 1, 16–21.) Defendant removed the action to federal court, asserting that this Court has subject matter jurisdiction over this case based on federal question jurisdiction. (Doc. No. 1.) The instant motion to remand follows.

## II. LEGAL STANDARD

A defendant may remove an action to federal court based on diversity or federal question jurisdiction. 28 U.S.C. § 1441. Federal question jurisdiction exists over all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. For federal question jurisdiction to exist, the "well-pleaded complaint" rule requires a federal question to be present on the face of the complaint at the time of removal. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Causes of action "arise under" federal law in accordance with 28 U.S.C. § 1331 if federal law creates the cause of action or the complaint necessarily depends on a substantial question of federal law. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988). Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)) (internal quotations omitted).

---

[2] The pinpoint page citations refer to the ECF-generated page numbers at the top of each filing.

## III. DISCUSSION

### A. Request for Judicial Notice

To begin, both parties have made requests for judicial notice. (Doc. Nos. 9-2; 15-1.) Federal Rule of Evidence 201(b) permits judicial notice of any fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be questioned." Fed. R. Evid. 201(b); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). "Under Rule 201, the court can take judicial notice of public records and government documents available from reliable sources on the internet such as websites run by government agencies." *U.S. ex rel. Modglin v. DJO Global Inc.*, 48 F.Supp.3d 1362, 1381 (C.D. Cal. 2014) (collecting cases). Here, each of the documents for which the parties request judicial notice is either a publicly available document issued by a government agency or entity, a document on file in a federal or state court, or a judicial opinion. Neither party opposes the other's request for judicial notice, and the Court finds the documents not subject to reasonable dispute as to authenticity. Accordingly, the Court deems them appropriate for judicial notice and **GRANTS** the parties' request.

### B. Motion to Remand

Turning to the merits of the motion to remand, Defendant attempts to establish subject matter jurisdiction over Plaintiff's state law causes of action based on the following theories of federal question jurisdiction: (1) complete preemption by the Public Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. § 247d-6d, (2) a substantial, embedded federal question under *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), and (3) the federal officer removal statute, 28 U.S.C. §1442(a)(1). The Court discusses each in turn.

#### 1. Complete Preemption

Defendant argues that although no federal question is apparent on the face of the Complaint, the Court has federal question jurisdiction over this action because the PREP

1  Act completely preempts Plaintiff's state law claims. While the well-pleaded complaint
2  rule "provides that federal jurisdiction exists only when a federal question is presented on
3  the face of the plaintiff's properly pleaded complaint," the Supreme Court has recognized
4  "an 'independent corollary to the well-pleaded complaint rule known as the complete
5  pre-emption doctrine.'" *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*,
6  768 F.3d 938, 947 (9th Cir. 2014) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386,
7  392 (1987)). The doctrine provides that "there are some federal statutes that have such
8  'extraordinary pre-emptive power' that they 'convert[ ] an ordinary state common law
9  complaint into one stating a federal claim for purposes of the well-pleaded complaint
10 rule.'" *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

11      "Complete preemption refers to the situation in which federal law not only
12 preempts a state-law cause of action, but also substitutes an exclusive federal cause of
13 action in its place." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018).
14 The Supreme Court has identified only three statutes that meet this criteria." *City of
15 Oakland v. BP PLC*, 969 F.3d 895, 905 (9th Cir. 2020). Additionally, the Ninth Circuit
16 has observed that "complete preemption is 'rare'" and "[o]ther circuits unanimously
17 agree." *Hansen*, 902 F.3d at 1057 (collecting cases).

18      For purposes of federal jurisdiction under § 1331, complete preemption "exists
19 when Congress: (1) intended to displace a state-law cause of action, and (2) provided a
20 substitute cause of action." *City of Oakland*, 969 F.3d at 906. As the party invoking federal
21 jurisdiction, Defendant bears the burden of demonstrating that the PREP Act applies and
22 completely preempts at least one of Plaintiff's state law claims. *See Smallwood v. Allied
23 Van Lines, Inc.*, 660 F.3d 1115, 1120 (9th Cir. 2011) ("[T]he district court had subject
24 matter jurisdiction if at least one of [the plaintiff's] claims was completely preempted by
25 the [federal statute].").

26              **a. Plaintiff's Claims Do Not Fall Within the PREP Act**

27      To begin, the parties disagree on whether Plaintiff's claims fall within the scope of
28 the PREP Act. To determine whether a statute applies, the court looks to its "plain and

unambiguous meaning." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). "If the statutory language is unambiguous and the statutory scheme is coherent and consistent," judicial inquiry must cease. *In re Ferrell*, 539 F.3d 1186, 1190 n.10 (9th Cir.2008) (quoting *Robinson*, 519 U.S. at 340). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson*, 519 U.S. at 341.

Congress passed the PREP Act in 2005, and it authorizes the Secretary of the Department of Health and Human Services ("HHS") to "make[] a determination that a disease or other health condition or other threat to health constitutes a public health emergency." 42 U.S.C. § 247d-6d(b). The PREP Act gives the Secretary the authority to "make a declaration, through publication in the Federal Register, recommending, under conditions as the Secretary may specify, the manufacture, testing, development, distribution, administration, or use of one or more covered countermeasures, and stating that [the statute's immunity provision] is in effect with respect to the activities so recommended." 42 U.S.C. § 247d-6d(b)(1).

Pertinent here, the PREP Act provides immunity from liability for "all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1). Covered countermeasures include "qualified pandemic or epidemic products" as well as approved respiratory protective devices. 42 U.S.C. § 247d-6d(i)(1). On March 10, 2020, the Secretary invoked the PREP Act and declared COVID-19 a public health emergency. Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198-01 (Mar. 17, 2020) ("Declaration"). The Secretary has since issued several amendments to the Declaration. *See, e.g., Est. of Jones through Brown v. St. Jude Operating Co., LLC*, 524 F. Supp. 3d 1101, 1107 (D. Or. 2021) (citing amendments).

In this case, Plaintiff asserts that the PREP Act applies only to circumstances in which a "covered countermeasure" is "administered to" or "used by" an individual. (Doc.

No. 15 at 25.) She argues that because the Complaint contains no allegation that Decedent's death resulted from Defendant's administration to, or use by, Decedent of a covered countermeasure, the PREP Act does not apply. (*Id.*) Defendant contends that the PREP Act "extends immunity to anything 'relating to' the administration of a covered countermeasure." (Doc. No. 9 at 20.) The Court disagrees.

A close reading of the PREP Act's text demonstrates that the statute applies more narrowly. Indeed, the broadest reading permitted by the statute's own text requires a claim for loss "relating to . . . the administration *to* . . . an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1) (emphasis added). Thus, contrary to Defendant's position, the plain language of the PREP Act does not provide immunity for the administration *of* covered countermeasures generally.[3] The Court does not find the statute ambiguous in this regard. *See In re Ferrell*, 539 F.3d at 1190 n.10.

As Plaintiff points out, her claims are premised on allegations that Defendant has failed to implement a proper infection control policy since at least September 2019, when it received a citation from federal inspectors. (Doc. No. 1-3 ¶¶ 39, 41.) Nothing in the Complaint connects Decedent's death to the administration to, or use by, her of any mask, personal protective equipment, or any other covered countermeasure. Because the PREP Act applies only to claims "arising out of, relating to, or resulting from *the administration to or the use by* an individual of a covered countermeasure," 42 U.S.C. § 247d-6d(a)(1) (emphasis added), the Court finds that the statute does not apply here. Other district courts within the Southern District of California that have considered substantially similar issues have found the same. *See William D. Kulhanek, et al., v. Atria Rancho Penasquitos, et al.*, No. 21-CV-01917-H-MDD, 2022 WL 126343, at *4 (S.D. Cal. Jan. 13, 2022) (noting that

---

[3] Defendant's reliance on the Secretary's Fourth Amendment to the Declaration to support its interpretation is unavailing because that amendment merely specifies that "[w]here there are limited Covered Countermeasures, not administering a Covered Countermeasure to one individual in order to administer it to another individual can constitute 'relating to . . . the administration to . . . an individual' under 42 U.S.C. § 247d-6d." Fourth Amendment to the Declaration, 85 Fed. Reg. 79190-01. The Complaint contains no allegations concerning limited countermeasures of which Decedent was deprived.

the "Plaintiffs do not allege any claims based on Defendants' purported use of any "covered countermeasure" and finding that because the "claims do not relate to the use or administration of any such drug, device, or product" but rather, are based on allegations that "Defendants failed to implement basic infection prevention protocols," they "do not fall within the scope of the PREP Act"); *Iskowitz by & through Iskowitz v. Northridge Subtenant, LLC*, No. 21-CV-1108-GPC-MDD, 2021 WL 5822610, at *7 (S.D. Cal. Dec. 8, 2021) (same).[4]

Accordingly, the Court concludes that because Plaintiff's claims do not fall within the scope of the PREP Act, Defendant's theory of federal question jurisdiction based on complete preemption by the PREP Act fails.

### b. The PREP Act is Not a Statute of Complete Preemption

Even assuming the PREP Act applies, "[d]istrict courts within the Ninth Circuit have near-unanimously concluded that the PREP Act is not a complete preemption statute" because it fails to satisfy the Ninth Circuit's two-part complete preemption test. *Rae by & through Montisano v. Anza Healthcare Inc.*, No. 21-CV-287-DMS (JLB), 2021 WL 2290776, at *2 (S.D. Cal. June 4, 2021) (collecting cases).[5] The Court reiterates that complete preemption is rare and occurs where "federal law not only preempts a state-law

---

[4] *See also Sarnoff v. Silverado Senior Living, Inc.*, No. LACV2100070JAKJPRX, 2021 WL 4168191, at *6 (C.D. Cal. Sept. 14, 2021) (collecting cases finding the same in the Central District of California).

[5] *See, e.g.*, *Riggs v. Country Manor La Mesa Healthcare Ctr.*, No. 21-CV-331-CAB-DEB, 2021 WL 2103017, at *2 (S.D. Cal. May 25, 2021) ("Plaintiffs' claims are not completely preempted by the PREP Act."); *Golbad v. GHC of Canoga Park*, No. 221CV01967ODWPDX, 2021 WL 1753624, at *2 (C.D. Cal. May 4, 2021) ("[S]imply put, the PREP Act does not satisfy the Ninth Circuit's two-part complete preemption test."); *Padilla v. Brookfield Healthcare Ctr.*, No. CV 21-2062-DMG (ASX), 2021 WL 1549689, at *4 (C.D. Cal. Apr. 19, 2021) ("Nearly every other federal court addressing the issue of complete preemption has found that the PREP Act is not a statute with complete preemptive effect."); *Winn v. California Post Acute LLC*, No. CV2102854PAMARX, 2021 WL 1292507, at *4 (C.D. Cal. Apr. 6, 2021) ("[T]he PREP Act does not provide a substitute cause of action for Plaintiff's claims based on Defendant's alleged negligence claims. Instead, when applicable, the PREP Act provides immunity to defendants on state law negligence claims.") (internal quotations and citation omitted). The Court finds the reasoning in these cases, and of the cases on which these cases rely, persuasive and adopts it here.

cause of action, but also substitutes an exclusive federal cause of action in its place." *Hansen*, 902 F.3d at 1057.

Pursuant to the PREP Act, "the only remedies available to an injured person are (i) compensation for covered injuries from an administrative 'Covered Countermeasures Process Fund' administered by the Secretary, or (ii) an action filed in the U.S. District Court for the District of Columbia if there is 'death or serious physical injury proximately caused by willful misconduct.'" *Est. of Jones through Brown*, 524 F. Supp. 3d at 1107 (quoting 42 U.S.C. §§ 247d-6d(d)(1), 247d-6e). Here, Plaintiff brings causes of action for negligence, wrongful death, and violations of the Elder Protection Act. The Court joins the overwhelming consensus of courts finding that the PREP Act's exclusive federal administrative remedy for non-willful misconduct claims falls short of providing "an exclusive federal cause of action," and is therefore "insufficient to make the PREP Act a complete preemption statute."[6] *Sarnoff v. Silverado Senior Living, Inc.*, No. LACV2100070JAKJPRX, 2021 WL 4168191, at *7 (C.D. Cal. Sept. 14, 2021) (collecting cases).

The sole exception appears to be *Garcia v. Welltower OpCo Group LLC*, No. SACV2002250JVSKESX, 2021 WL 492581 (C.D. Cal. Feb. 10, 2021), upon which Defendant relies. As other courts have explained, however, "the court in *Garcia* deferred to the HHS Secretary's opinion of PREP Act complete preemption" and "did not consider the Ninth Circuit's two-part complete preemption test." *Golbad v. GHC of Canoga Park*, No. 221CV01967ODWPDX, 2021 WL 1753624, at *3 (C.D. Cal. May 4, 2021). The Court likewise respectfully declines to follow *Garcia*'s lead. *See Est. of Parr by & through Parr v. Palm Garden of Winter Haven, LLC*, No. 8:21-CV-764-SCB-SPF, 2021 WL 1851688,

---

[6] The Court acknowledges that the Complaint contains a request for "enhanced remedies" based on "willful misconduct." (Doc. No. 1-3 at 21.) Even construing this request as a separate cause of action, however, as previously discussed, Plaintiff does not allege facts relating to the administration to, or use by, Decedent of a covered countermeasure, and thus, this claim (like the rest of her claims) does not fall within the scope of the PREP Act. *See supra* § III.B.1.A.

at *2 (M.D. Fla. May 10, 2021) ("all of the federal district court decisions reported on Westlaw that cite to and consider *Garcia* have declined to follow its lead.").

Defendant also relies on the Office of General Counsel's January 8, 2021 Advisory Opinion and the Secretary's Fourth Amendment to Declaration in support of its complete preemption arguments. Its reliance thereon, however, is unavailing. "Interpretations such as those in opinion letters—like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law—do not warrant *Chevron*-style deference[,]" and "are entitled to respect under our decision in *Skidmore* . . . only to the extent that those interpretations have the 'power to persuade[.]'" *See Christensen v. Harris Cty.*, 529 U.S. 576, 587 (2000) (citations omitted). Upon review of the agency pronouncements, the Court finds they lack the power to persuade and are not entitled to deference. As the district court in *Sarnoff* noted, "neither Defendant[] nor the Advisory Opinion cites any legal support for the 'proposition that an exclusive federal administrative remedy is sufficient for complete preemption,'" and "the Advisory Opinion expressly states that it 'does not have the force or effect of law." 2021 WL 4168191, at *8 (alterations and citations omitted). The Court finds the reasoning in *Sarnoff*, and in the cases on which *Sarnoff* relies, persuasive and adopts it here.

Accordingly, for the foregoing reasons, the Court finds that the PREP Act does not present the "rare" case of a complete preemption statute. *Hansen*, 902 F.3d at 1057.

## 2. Embedded Federal Question

Defendant additionally asserts that federal jurisdiction is warranted under *Grable*. The Supreme Court recognized in *Grable* that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." 545 U.S. at 312. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The Ninth Circuit has observed that "[o]nly a few cases have fallen into this 'slim category'." *City of Oakland*, 969 F.3d at 904

(quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006)).

Here, Plaintiff asserted three causes of action, and all three arise under California state law. (Doc. No. 1-3.) None of them necessarily raise a federal issue. Only Defendant's potential defenses under the PREP Act do, and "this is not enough to implicate *Grable*." *Riggs v. Country Manor La Mesa Healthcare Ctr.*, No. 21-CV-331-CAB-DEB, 2021 WL 2103017, at *3 (S.D. Cal. May 25, 2021). "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393. Because an interpretation of the PREP Act is not an essential element of any of Plaintiff's state law claims, the Court finds that *Grable* does not apply. Indeed, "[d]istrict courts have consistently rejected healthcare providers' or assisted living facilities' arguments that claims arising out of patients or residents getting COVID-19 raise embedded federal issues with respect to the PREP Act." *Riggs*, 2021 WL 2103017, at *3. Once again, the Court joins the chorus of courts finding that defendants similarly situated to the one here "have failed to establish that there is federal question jurisdiction under *Grable*."[7] *William D. Kulhanek, et al.*, 2022 WL 126343, at *5.

### 3. Federal Officer Removal Statute

Defendant also contends that removal was proper pursuant to 28 U.S.C. § 1442(a)(1) because it was required to comply with guidelines and requirements the federal government instituted to combat the COVID-19 pandemic, and thus, was "acting under" the direction of a federal officer. "To invoke § 1442(a)(1) removal, a defendant in a state court action 'must demonstrate that (a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and

---

[7] The Court also rejects Defendant's invitation to find that *Grable* is implicated in this action simply because the Secretary declared that "[t]here are substantial federal legal and policy issues, and substantial federal legal and policy interests within the meaning of *Grable*." Fourth Amendment to the Declaration, 85 Fed. Reg. 79190-01. The pronouncement does not appear to consider or apply the analysis required for *Grable* to apply, and thus, lacks the power to persuade.

plaintiff's claims; and (c) it can assert a colorable federal defense." *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018) (internal quotations and citations omitted).

As with Defendant's prior arguments for the propriety of removal, "this argument has been consistently rejected by courts considering claims against assisted living facilities based on their actions during the COVID-19 pandemic." *William D. Kulhanek, et al.*, 2022 WL 126343, at *5 (collecting cases). While Defendant points to general regulations and public directives concerning a coordinated response to the COVID-19 pandemic, "a highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone." *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153 (2007). "A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.'" *Id.* In fact, "that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id.*; *accord Fidelitad*, 904 F.3d at 1100 ("*Watson* rejected the proposition that 'a company subject to a regulatory order (even a highly complex order)' is acting under a federal officer."). Thus, the Court finds that Defendant's mere compliance with regulations and directives does not amount to "acting under" the direction of a federal officer for purposes of 28 U.S.C. § 1442(a)(1). *Watson*, 551 U.S. at 152 ("[T]he help or assistance necessary to bring a private person within the scope of the statute does *not* include simply *complying* with the law." (emphasis in original)). Accordingly, the Court concludes that the federal officer removal statute does not support removal in this case.

**C. Request for Attorney's Fees**

Lastly, Plaintiff requests attorney's fees under 28 U.S.C. § 1447(c) for improper removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Considering there is no binding precedent on the issues raised by Defendant and at least one district court has agreed with

its view concerning the propriety of removal in this type of case, the Court does not find that Defendant lacked an objectively reasonable basis for seeking removal. *See id.* As the Ninth Circuit has observed, "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1065 (9th Cir. 2008). Accordingly, the Court **DENIES** Plaintiff's request for attorney's fees.

## II. CONCLUSION

For the above stated reasons, the Court finds that Defendant has not carried its burden of establishing that it properly removed this case. Consequently, the Court **GRANTS** Plaintiff's motion to remand (Doc. No. 15) and **DENIES AS MOOT** Defendant's motion for judgment on the pleadings (Doc. No. 6). The Clerk of Court is instructed to **REMAND** the action to San Diego Superior Court.

**IT IS SO ORDERED.**

Dated: February 9, 2022

Hon. Anthony J. Battaglia
United States District Judge